IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL E. JONES                                                                                        PLAINTIFF

v.                                              CIVIL NO. 10-2178

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    Procedural Background**

Plaintiff, Michael E. Jones, appealed the Commissioner's denial of benefits to this court. Pl.'s Compl., ECF No. 1. On October 7, 2011, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 13. Plaintiff now moves for a total of $4,259.10 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 19.20 attorney hours at an hourly rate of $173.00 and 12.50 paralegal hours at an hourly rate of $75.00. Pl.'s Mot. Att'y Fees and Br. in Supp., ECF Nos. 14-15. The Commissioner filed a response objecting to attorney and paralegal hours alleged to be excessive and duplicative in nature. Def.'s Resp., ECF No. 16. On April 19, 2012, a hearing was held to address the Commissioner's objection.

**II.   Applicable Law**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v.*

*Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney. *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id; see also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains

at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI").

### III.   Discussion

In this instance, counsel requests attorney's fees at an hourly rate of $173.00. Pl.'s Br. in Supp. 3-4. Counsel attached a summary of the CPI South as evidence that this rate is a proper reflection of the cost of living. Pl.'s Br. in Supp., Ex. 2. The Commissioner does not object to this rate, and the court finds it to be reasonable. Def.'s Resp. 2-3. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $173.00.

Counsel also requests compensation for 12.50 paralegal hours at an hourly rate of $75.00. Pl.'s Br. in Supp., 4-5. A prevailing party that satisfies EAJA's other requirements may recover paralegal fees at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff,* 128 S.Ct. 2007, 2019 (U.S. 2008). Plaintiff's counsel cited to a publication of the National Association of Legal Assistants as evidence that this hourly rate is appropriate for paralegal work. Pl.'s Br. in Supp. 5. The Commissioner does not object to this rate, and the court finds $75.00 per hour for paralegal work to be reasonable. Def.'s Resp. 3. Accordingly, the undersigned finds that counsel is entitled to an hourly paralegal rate of $75.00.

The Commissioner objects to attorney and paralegal time alleged to be excessive and duplicative. Def.'s Resp. 3-5. Many of counsel's paralegal entries overlap counsel's own time submissions. Generally speaking, "services that are redundant, inefficient, or simply unnecessary

4

are not compensable" under the EAJA. *Samuel v. Barnhart*, 316 F.Supp.2d 768, 782-83 (E.D. Wis. 2004) (quoting *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997)). In *Samuel*, the court found that identical time billed by both counsel and his paralegal was not compensable. 316 F.Supp.2d at 783. In reducing the total number of compensable hours, the court noted:

> The use of non-attorneys saves money only when their efforts are not duplicated by counsel. Perhaps this time was not spent doing the same thing, but plaintiff, who bears the burden of demonstrating that this request is reasonable, has provided no explanation for the redundancy. Therefore, a reduction is appropriate.

*Id.* at 783. The issue, however, becomes more complicated when an attorney, due to physical impairment, requires a paralegal to provide specialized services. In *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994), the court allowed duplicative fees when counsel, due to visual impairment, required a paralegal to read and summarize the transcript and medical evidence.

Due to the unique circumstances in this case, the court finds that duplication of some attorney and paralegal fees is justified. However, the court finds that the combined attorney and paralegal time for completing the appeal brief and EAJA petition is excessive. Counsel requests a total of 12.15 attorney hours between February 3, 2011, and March 3, 2011, for preparing the appeal brief. The court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform this task. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). The transcript in this case was only 283 pages and there were no complex or unique issues. Furthermore, at the fee hearing, Plaintiff's counsel presented no evidence to corroborate his time estimates. As such, the undersigned recommends awarding 12.00 attorney hours for researching, drafting, and editing the appeal brief.

5

Accordingly, the undersigned recommends that .15 hours be deducted from the total number of attorney hours.

The Commissioner also objects to the combined attorney and paralegal time spent preparing the EAJA petition and exhibits. Def.'s Resp. 3-5. To promote greater consistency in fee awards, the court has determined that unless the Commissioner objects AND there are extraordinary circumstances present, the court will routinely award no more than 1.00 attorney hour and 2.00 paralegal hours for preparation of the EAJA petition and accompanying documents. In this case, counsel has requested a total of 2.00 attorney hours and 3.00 paralegal hours for preparation of the EAJA petition. Since there were no special circumstances present in this case, the undersigned recommends deducting 1.00 attorney hour and 1.00 paralegal hour from the total number of compensable hours.

Based on the above, the undersigned recommends awarding Plaintiff fees under the EAJA for 18.05 (19.20-1.15) attorney hours at an hourly rate of $173.00 and 11.50 (12.50-1.00) paralegal hours at an hourly rate of $75.00, for a total attorney's fee award of $3,985.15. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.[1] The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

---

[1] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.

**The parties have <u>fourteen</u> days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

ENTERED this 23rd day of April 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)